IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

COLEMAN GARRETT, JR.                                    PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:11cv713-DPJ-FKB

MICHAEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY                                    DEFENDANT


## REPORT AND RECOMMENDATION

Plaintiff, Coleman Garrett, Jr., brought this action to obtain judicial review of a final

decision of the Commissioner of the Social Security Administration. Presently before the

Court are the parties' dispositive motions. Having considered the motions, the

memoranda in support of the motions, and the administrative record, the undersigned

recommends that the decision of the Commissioner be affirmed.

## I. Procedural History and Administrative Record

Plaintiff filed an application for supplemental security income on October 3, 2007.

The application was denied by the Social Security Administration (SSA) both initially and

on reconsideration. Following a hearing on January 4, 2010, the Administrative Law

Judge (ALJ) issued a decision finding that Plaintiff was not disabled. The Appeals Council

denied review, thereby making the decision of the ALJ the final decision of the

Commissioner. Plaintiff then brought this appeal pursuant to § 205(g) of the Social

Security Act, 45 U.S.C. § 405(g).

Plaintiff was born on November 6, 1947, and was 62 years of age at the time of the

ALJ's decision.  He has a college education and past work experience as a chicken

deboner; the record indicates he has also worked as a tax preparer, maintenance

shipping clerk, dishwasher, and timekeeper for a trucking company.  He alleges that he

has been unable to work since June 1, 2007, due to heart problems, swelling of the feet,

and breathing problems.  The medical record indicates that Plaintiff underwent heart

surgery at age four for a heart murmur.

In November 2007, Dr. John Frenz performed a consultative examination.

Physican exam revealed a heart murmur.  Range of motion in all joints was normal,

although there was some mild crepitation on motion of the left hip.  Plaintiff had clear

breath sounds, no edema, deformity or pulse deficit in his extremities, and no neurological

deficits.  Grip strength was 5/5 in all major muscle groups.  Dr. Frenz observed that

Plaintiff had good dexterity and that he could ambulate, squat and stand without an

assistive device.  An electrocardiogram revealed a regular heart rhythm without

indications of damage.  Chest x-ray showed chronic obstructive pulmonary disease

changes with a normal cardiomediastinal silhouette and no infiltrates or infusions.

The only medical treatment records for Plaintiff are from Caring Hands Medical

Clinic.  In October of 2009, Garrett presented to the clinic with complaints of chest pain

and shortness of breath upon exertion.  He was prescribed aspirin.  He returned one

month later complaining of irregular heart beat and an occasional sharp pain in his chest.

The physician's notes indicate that Plaintiff was to be referred to a cardiologist.  However,

there is no evidence that Plaintiff ever underwent cardiac evaluation or treatment.

In January of 2008, Dr. James Griffin conducted a consultative review of Plaintiff's

medical records. Dr. Griffin concluded that Plaintiff has the residual functional capacity to perform a full range of medium work.

At the hearing, Garrett testified that he lives with his mother. On an average day, he might cook breakfast, perform light housework, and walk. He sometimes performs yard work such as raking leaves, although he has to stop at times and rest because of discomfort. He testified that he cannot work because of pain in his chest, which he described as occurring sporadically. Plaintiff also stated that he suffers from swelling in his feet and generalized joint pain throughout his body.

Also testifying at the hearing was a vocational expert, who stated that Plaintiff's past relevant work as a chicken deboner is classified at the light exertional level.

## II. **The Decision of the ALJ**

In considering Plaintiff's claim, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since his application date.[1] The ALJ determined that Plaintiff

---

[1]In evaluating a disability claim, the ALJ is to engage in a five-step sequential process, making the following determinations:

(1)     whether the claimant is presently engaging in substantial gainful activity (if so, a finding of "not disabled" is made);

(2)     whether the claimant has a severe impairment (if not, a finding of "not disabled" is made);

(3)     whether the impairment is listed, or equivalent to an impairment listed, in appendix 1 of the regulations (if so, then the claimant is found to be disabled);

(4)     whether the impairment prevents the claimant from doing past relevant work (if not, the claimant is found to be not disabled); and

(5)     whether the impairment prevents the claimant from performing any other

3

suffers from the severe impairments of status post cardiac surgery as a child, heart

murmur, and chronic obstructive pulmonary disease.  He further concluded that Plaintiff's

impairments do not, either singly or in combination, meet or medically equal the criteria for

any impairment listed in Appendix 1, Subpart P, Regulation No. 4.   In assessing Plaintiff's

residual functional capacity, the ALJ found that while Plaintiff's impairments could

reasonably be expected to cause some of his alleged symptoms, Plaintiff's allegations

concerning the intensity, persistence, and limiting effects of those symptoms were not

credible to the extent alleged.  Giving great weight to the opinion of Dr. Griffin, the ALJ

found that Plaintiff has the residual functional capacity to perform a full range of medium

work.  He therefore concluded that Garrett is not disabled because he can return to his

past work as a chicken deboner.

## III.  Analysis

In reviewing the Commissioner's factual findings, this Court's task is not to

determine the ultimate question of whether Plaintiff is disabled.   Rather, the Court is limit-

ed to an inquiry into whether the ALJ applied the correct legal standards and, if so,

whether substantial evidence supports the decision.  *Randall v. Astrue*, 570 F.3d 651 (5th

Cir. 2009).[2]   In support of his motion, Plaintiff, who is *pro se*, has failed to make any

---

substantial gainful activity (if so, then claimant is found to be disabled).

*Leggett v. Chater*, 67 F.3d 558, 564 n.2 (5th Cir. 1995).  The analysis ends at the point at
which a finding of disability or non-disability is required.

[2]"Substantial evidence means more than a scintilla, less than a preponderance,
and is

`such relevant evidence as a reasonable mind might accept to support a

specific arguments in favor of reversal or remand.  Nevertheless, the undersigned has

conducted a careful review of the entire record in order to determine whether there is any

basis for reversal or remand.  The undersigned concludes that there is none.  The record

contains substantial evidence to support all of the ALJ's determinations, including those

concerning the severity of Plaintiff's impairments and Plaintiff's residual functional

capacity.   Indeed, the record is notable for the absence of objective medical evidence

supporting Plaintiff's allegations.  Furthermore, the ALJ applied the correct legal standards

in reaching his decision.

## IV.  **Conclusion**

For these reasons, the undersigned recommends that Plaintiff's motion be denied,

that the Commissioner's motion be granted, and that the decision of the Commissioner be

affirmed.  The parties are hereby notified that failure to file written objections to the

proposed findings, conclusions, and recommendation contained within this report and

recommendation within fourteen (14) days after being served with a copy shall bar that

party, except upon grounds of plain error, from attacking on appeal the proposed factual

---

conclusion.  It must do more than create a suspicion of the existence of the
fact to be established, but "no substantial evidence" will be found only where
there is a "conspicuous absence of credible choices" or "no contrary medical
evidence.""

*Id.* (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).

findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R.

Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th

Cir. 1996).

    Respectfully submitted, this the 25th day of January, 2013.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE
